IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Judell Cabbagestalk,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim No. 4:02-cr-00213-TLW<br>C/A No. 4:13-cv-02397-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner James Judell Cabbagestalk. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

On August 28, 2002, Petitioner pled guilty to Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846. On January 29, 2003, the Court sentenced him to 290 months imprisonment, followed by a 5-year term of supervised release, and Judgment was entered on February 12, 2003.

On February 14, 2003, Petitioner filed a *pro se* direct appeal, which was dismissed for failure to prosecute on September 10, 2003.

On August 29, 2013,[1] Petitioner filed this motion under 28 U.S.C. § 2255, stating one ground for relief: that his counsel was ineffective for failing to consult with Petitioner about his right to a direct appeal. On September 6, 2013, the Government filed a Response to Petitioner's

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

§ 2255 motion and a Motion for Summary Judgment.  On that date, the Court issued a *Roseboro* order to Petitioner directing him to respond to the Government's motion by October 10, 2013.  Petitioner did not file a response.  This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).  "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a 28 U.S.C. § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this motion *pro se*.  Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  These pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.    Discussion

The Government argues that Petitioner's § 2255 motion should be dismissed as untimely.  The Court agrees.

### 1.    *Timeliness under the AEDPA*

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

      (1)      the date on which the judgment of conviction becomes final;

      (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The Court will address the applicability of each of these subsections.

      a.      *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1).  His conviction became final nearly a decade before he filed his § 2255 motion.  The Fourth Circuit dismissed his appeal on September 10, 2003.  He had 90 days to file a petition for a writ of certiorari from the Supreme Court, but he did not do so.  When an appellate court affirms on direct appeal, the clock on a § 2255 petition starts to run when the time expires for filing a petition for a writ of certiorari contesting the affirmation of the conviction.  *Clay v. United States*, 537 U.S. 522, 524–25 (2003).  Accordingly, the judgment of conviction in Petitioner's case became final on or about December 9, 2003, which is also the date the one-year limitations period began to run.

Thus, under § 2255(f)(1), he had one year—until approximately December 9, 2004—in which to file his motion.  However, he did not file his motion until August 29, 2013, over nine years after his judgment of conviction became final, and over eight years after the statute of limitations for filing his motion ran.  Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(1).

4

b.   *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his motion. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2).

c.   *§ 2255(f)(3)*

The Court does not find that any triggering date set forth in § 2255(f)(3) applies to this case. Petitioner does not allege, much less establish, that any right newly recognized by the Supreme Court applies to his case. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(3).

d.   *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).

2.   *Equitable Tolling*

Petitioner argues that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. He asserts that he found out about his right to appeal from a fellow inmate and that he did not receive any notices from the Fourth Circuit concerning his appeal. He then asserts that, many years later, he was advised by another jailhouse lawyer that it would be highly unlikely that he would still have an appeal pending. Thus prompted, Petitioner wrote to

the Fourth Circuit to inquire about the status of his appeal, and he received a response dated August 17, 2012, informing him that his appeal had been dismissed many years ago. He then waited over a full year later—until August 29, 2013—to file this § 2255 motion.

Though the AEDPA's one-year statute of limitations is subject to equitable tolling, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . [A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). There are generally two situations where equitable tolling could apply to a § 2255 motion: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct on the part of the government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Id.*

Neither of these situations is applicable here. Petitioner does not allege, much less establish, that the Government engaged in any wrongful conduct that prevented him from filing his § 2255 motion. To the extent that he alleges that his lack of knowledge about the status of his appeal is an extraordinary circumstance beyond his control that prevented him from filing his motion within the statute of limitations, the Court is not persuaded. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.

## V.  Conclusion

For the reasons stated, the Government's Motion for Summary Judgment (Doc. #78) is **GRANTED** and Petitioner's motion for relief pursuant to § 2255 (Doc. #76) is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

> *s/ Terry L. Wooten*
> Terry L. Wooten
> Chief United States District Judge

July 30, 2014
Columbia, South Carolina

7